UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANGELINA M. ROGERS,

        Plaintiff,

  v.                                       Case No. 23-cv-571-pp

PETER GENE HERNANDEZ,
also known as BRUNO MARS,

        Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

      This is the fourth case the plaintiff has filed in this district since December 28, 2022. See Rogers v. Hernandez, Case No. 22-cv-1557; Rogers v. Williams, Case No. 23-cv-72; Rogers v. Guzman *et al.*, Case No. 23-cv-254. This will be the fourth case dismissed by the court for lack of subject matter jurisdiction or failure to state a claim.

      The plaintiff sued Peter Gene Hernandez (also known as global pop star Bruno Mars) in three of the four cases.[1] Without any factual allegations supporting her claims, she claims (again) that the defendant is sexually harassing her. Dkt. No. 1. She claims that the defendant violated her rights under the First Amendment. Id. at 3. She mentions human trafficking, sexism, colorism, sex offenders, spoliation of evidence and human cloning, but does not relate those issues to the defendant or specify who she believes committed

---

[1] Hernandez, Case No. 22-cv-1557; Guzman, Case No. 23-cv-254; Hernandez, Case No. 23-cv-571.

1

them. Id. at 2-3. The plaintiff asserts that the court has diversity jurisdiction, indicating that the defendant is from Milwaukee, Wisconsin and the parties are citizens of other states. Id. at 3. The plaintiff asks the court to ban human cloning, trafficking and harassment. Id. at 4. She also seeks money damages and the alleviation of any conflicts with women's rights and says she wants no communication with any party. Id. at 4. The court will deny the plaintiff's motion to proceed without prepaying the filing fee and dismiss the case for failure to state a claim.

I. **Plaintiff's Request to Proceed in District Court Without Prepaying the Filing Fee (Dkt. No. 3)**

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether she can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff filed a non-prisoner request to proceed in district court without prepaying the filing fee. Dkt. No. 3. On the first page, the plaintiff says that she is employed, not married and has no dependents. Id. at 1. On the second page, she says that her spouse's monthly wages or salary total $54,000 and that she earns $1,300 each month working for OSL Retail Services Company. Id. at 2. The plaintiff says that she does not own a home or car but that she has $2,300 in cash or in a checking or savings account. Id. at 3. The plaintiff reports no monthly living expenses. Id.

The plaintiff reports $55,300 per month in income, $2,300 cash on hand and no expenses. Based on this information, the court concludes that the plaintiff has the ability to pay the civil case filing fee. The court will deny the plaintiff's motion to proceed without prepaying the filing fee.

2

## II. Screening the Complaint (Dkt. No. 1)

The court must review a complaint filed by a plaintiff who is representing herself to determine whether her claims are legally "frivolous or malicious," fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff is not required to plead every fact supporting her claims; she needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id.

The complaint contains only three allegations that mention the defendant: it alleges that the defendant violated the plaintiff's rights (dkt. no. 1 at 2); it alleges that the defendant is sexually harassing the plaintiff (id.); and it alleges that the defendant violated the plaintiff's rights under the First Amendment (id. at 3). The complaint then alleges that publicly reported crimes have been committed (although not in relation to her "completely") and asserts that "[s]ince human trafficking continued the effect of this was sexism. Specific women in a minority setting." Dkt. No. 1 at 2. The complaint alleges that this "influenced colorism," and that it "continued to happen gain April 13th at 5:15" at 3355 S. 27th Street in Milwaukee. Id. at 2-3. The complaint states, "The reason they've done it is for sexual harassment." Id. at 3. The plaintiff complaint alleges that there are people who are registered "sex offenders," asserts that some will say "that a specified suspected criminal [] [o]f that

3

nature; but the information is false" and that this is known as "spoliation of an evidence." Id. The complaint asserts—apparently regarding the false information—that "[t]estifiably, used against any respondent/defendant. When it violates my constitutional rights." Id. The complaint asserts that the plaintiff has the right to a fair trial, freedom of speech, freedom of press and freedom of religion (then alleges that the defendant violated the plaintiff's First Amendment rights). Id. The complaint indicates that the plaintiff is aware of other rights that have and have not been addressed, "[a]ssociating with human cloning, harassment, & human trafficking." Id.

The complaint asserts that "[h]e's from Milwaukee, Wisconsin"—presumably referring to the defendant—and "the parties are citizens of other states such as California & Louisiana," and says that the "stake is $75,000 minimum to sue or more." Id. In the "JURISDICTION" section of the complaint form, the box for "I am suing under state law" has been checked. Id. at 4.

In the "RELIEF WANTED" section, the plaintiff states:

> The court would want to allow petitions. That ban Human Cloning, Trafficking & Harassment. Money award of $75,000 or more. When fileing [sic] the lawsuit against a defendant. I would demand that all want subjects. That are familiarized individuals to the Rogers vs. Hernandez case. Alleviate any conflict interfering with women's rights. I don't want any communication with any party. That has been committing crimes or newly used. There's no rule or obligations that can be overturned. It will be for my safety protection.

Id.

The plaintiff filed six pages of "exhibits." Dkt. No. 1-1. The first document—handwritten but unsigned—lists several dates and locations (April 13, 5:15 p.m., Walmart S. 27th Street; April 23; 2010, District 3, Sojourner Truth Restraining order office) and claims an officer was present for a police

4

report. Dkt. No. 1-1 at 1. It mentions Luciano Rogers, Herbert Rogers Williams[2] & Peter Gene Hernandez's "behavior." Id. The second document is a handwritten letter from the plaintiff addressed to "Carl Ashley"[3] regarding a complaint against "Susan Roth,"[4] described as a "family commissioner to the Rogers vs. Hernandez case."[5] Id. at 2. The letter bears a "received" stamp that indicates it was received by the office of the chief judge on May 4, 2023; like the complaint in this case, the letter references endangerment of the author's safety, lack of protection of women's rights, criminal behavior, spoliation, harassment, lies, serial killers, sex traffickers and molesters. Id. It asks that Herbert Rogers Williams be removed from the author's place of residence. Id. The remaining pages consist of phone lists for judges and court reporters in Milwaukee County. Id. at 4-6.

The complaint does not state a claim for which this federal court may grant relief. First, the complaint asserts that the court has diversity

---

[2] As the court noted in another of the plaintiff's cases, there is a Herbert Rogers-Williams who is a mixed marshal arts fighter in Wisconsin. https://www.tapology.com/fightcenter/fighters/206792-herbert-rogers-williams. It is not clear whether this is the person referenced in the exhibits.

[3] Chief Judge Carl Ashley is the chief judge of the First Judicial District (the Milwaukee County Circuit Court). https://county.milwaukee.gov/EN/Courts/Chief-Judge.

[4] Commissioner Susan Marie Roth is a judicial court commissioner in Milwaukee County Circuit Court. https://www.wisbar.org/directories/pages/lawyerprofile.aspx?Memberid=1064373.

[5] The publicly available docket shows two cases titled Rogers v. Herbert Rogers-Williams: Case No. 2023CV003269 (Milwaukee County), a proceeding seeking a harassment restraining order, filed May 5, 2023 and dismissed the same day, and 2023CV003767, another proceeding seeking a harassment restraining order, filed May 24, 2023 and dismissed the same day. Neither docket lists Susan Roth as a judicial officer. https://wcca.wicourts.gov.

5

jurisdiction; that is, it alleges that the plaintiff and defendant live in different states and that the amount in controversy is over $75,000. The plaintiff is correct that federal courts have jurisdiction of civil cases where the amount in controversy is at least $75,000 and the parties are citizens of different states. But the complaint states that "he"—presumably the only named defendant, Peter Gene Hernandez—is "from Milwaukee, Wisconsin." Dkt. No. 1 at 3. The plaintiff lists her address as Milwaukee, Wisconsin. Id. at 5. If both the plaintiff and the defendant she has sued are from Wisconsin, this court has no diversity jurisdiction.

The complaint alleges that the defendant violated the plaintiff's rights, particularly her First Amendment rights. Federal courts have jurisdiction over civil cases that arise under the Constitution or laws of the United States. The complaint's only reference to the Constitution or laws of the United States is the allegation that the defendant violated the plaintiff's First Amendment rights. But the First Amendment prohibits *Congress* from making laws abridging freedom of speech. A person may sue for violations of constitutional (civil) rights under 42 U.S.C. §1983, but only of the person whom she alleges violated her rights was a state government official or employee. The plaintiff has not alleged that the defendant was a state official or employee. Nor has she said what the defendant did to allegedly violate her First Amendment rights.

The complaint alleges that the defendant is sexually harassing the plaintiff, but it does not explain how. There are federal statutes that prohibit sexual harassment. For example, Title VII of the Civil Rights Act of 1964 prohibits sexual harassment in the workplace. But the plaintiff has not alleged that the defendant is her employer or that they work together. The complaint alleges only that the defendant is sexually harassing her. Without more, the

6

Case 2:23-cv-00571-PP   Filed 07/31/23   Page 6 of 8   Document 4

court cannot determine that the sexual harassment allegations state a claim for a violation of federal law.

As for the complaint's references to human cloning, human trafficking, spoliation of evidence or crimes committed against others, no line is provided between these acts and the defendant. A complaint must provide enough information for the court (and the defendant) to determine *who* allegedly injured the plaintiff, *what* that person did to injure the plaintiff, *when* the person did it, *how* the person did it and, if the plaintiff knows, *why* the person did it. Perhaps the plaintiff believes that the list of dates she provided in the attached exhibits suffices to supply *when*, but because the plaintiff did not tell the court what happened on those dates and how those events relate to the defendant, it does not. Nor does the letter to Chief Judge Ashley shed any light on what the plaintiff believes the *defendant*—Peter Gene Hernandez—did to violate any federal law or constitutional provision. Even liberally construing the allegations, the complaint does not state a claim for which a federal court may grant relief.

Although courts generally give civil plaintiffs at least one opportunity to amend the complaint, the court need not do so where the amendment would be futile. Zimmerman v. Bornick, 25 F.4th 491, 494 (7th Cir. 2022). Given the deficiencies the court has identified in this case and the prior three cases the plaintiff filed in recent months, the court cannot conclude that the plaintiff could remedy those deficiencies by amending the complaint.

The court warns the plaintiff that if she continues to file federal lawsuits that do not state a claim for which a federal court may grant relief, the court may consider imposing sanctions, including financial penalties.

### III. Conclusion

The court **DENIES** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

The court **ORDERS** that this case is **DISMISSED** because the plaintiff has failed to state a claim. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 31st day of July, 2023.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**